UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 06-492-GWU


EVERETT D. JOSEPH,                                                    PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.


## INTRODUCTION

Everett Joseph brought this action to obtain judicial review of an unfavorable

administrative decision on his applications for Disability Insurance Benefits (DIB)

and for Supplemental Security Income (SSI).  The case is before the Court on

cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity?
    If yes, the claimant is not disabled.  If no, proceed to Step 2.
    See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical
    or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
    claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any
    impairment(s) significantly limiting the claimant's physical or
    mental ability to do basic work activities?  If yes, proceed to

1

06-492  Joseph

Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.   If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.   Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

06-492  Joseph

First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

06-492  Joseph

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency

6

06-492  Joseph

may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).   Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley   v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Joseph, a 24 year-old man with a "limited" education and no past relevant work history,[1] suffered from impairments related to a learning disability, borderline intelligence, anxiety, depression, and diabetes.  (Tr. 16, 18).  Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of work at all exertional levels.  (Tr. 17).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 19-20).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 19).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.   However, the

---

[1]The Disability Report indicates that Joseph worked as a fire fighter and as a grocery store stocker.  (Tr. 60).

7

current record also does not mandate an immediate award of Social Security Benefits.  Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant.

The ALJ erred in evaluating the evidence of record relating to Joseph's physical condition.  Dr. Roy Varghese limited the plaintiff to a restricted range of sedentary level work on a Medical Source Statement of Ability to do Work-Related Activities Form, including an inability to stand or walk for more than two hours in an eight-hour workday and an inability to ever perform such postural activities as climbing, balancing, kneeling, crouching or crawling.  (Tr. 181-184).  The ALJ rejected this opinion because he did not believe that it was well supported by objective medical data.  (Tr. 18).  However, Dr. Varghese's opinion was still uncontradicted by that of another medical professional.  The ALJ should at least have obtained the testimony of a medical advisor or a consultative physical examination rather than substitute his own lay opinion for that of the medical professional.  Therefore, a remand of the action for further consideration is required.

The ALJ also did not deal properly with the evidence of record relating to Joseph's mental condition.  Two mental health professionals performed consultative examinations of the plaintiff and identified mental restrictions.  Psychologist Christopher Catt saw the plaintiff in August of 2004 and noted very modest mental limitations.  (Tr. 130-135).  Dr. P.D. Patel examined the claimant in March of 2006

06-492  Joseph

and identified extremely severe mental limitations.  (Tr. 186-191).  The ALJ rejected the opinion of Dr. Patel and relied upon Catt.  (Tr. 18).

The ALJ's rejection of Dr. Patel's opinion in favor of that of the equally-placed Catt would normally be appropriate.  However, careful examination of the record indicates that the opinions of the two mental health professionals are not necessarily inconsistent with each other.

Joseph sought treatment for his mental problems in December of 2004 at Kentucky River Community Care.  (Tr. 166-180).  In January of 2005, Kentucky River's Dr. Irfan Afaq diagnosed social anxiety disorder and suspected the existence of a generalized anxiety disorder and a major depressive disorder.  (Tr. 176).  Dr. Afaq did not identify specific mental limitations but did rate the claimant's current Global Assessment of Functioning (GAF) at 45.  (Tr. 176).  Such a GAF suggests the existence of "serious" psychological impairment according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  This represents a sharp decline from Catt's finding of a GAF of 60 in August of 2004 which would indicate the existence of only "moderate" psychological symptoms.  (Tr. 134).  Dr. Afaq noted that Joseph's stepfather reported that the young man was socially isolating himself and that his condition had been deteriorating for the past six months.  (Id.).

06-492  Joseph

Although the ALJ did not believe Dr. Patel's March, 2006 findings to be compatible with the totality of the evidence, they are arguably very compatible with the findings of Dr. Afaq, the treating source.  Social anxiety disorder was diagnosed as well as a major depression, passive-dependent traits, and borderline intellectual functioning.  (Tr. 188).  The plaintiff's GAF was rated at 40, suggesting major psychological impairment.  (Id.).  The claimant continued to isolate himself from others.  (Tr. 186).  Thus, this report is very similar to the one issued in January of 2005 by Dr. Afaq.

The Court notes Psychologist Edward Ross (Tr. 136) and Ilze Sillers (Tr. 151) each reviewed the record in September and October of 2004.  However, the reviewers each opined that the evidence was insufficient to reach a conclusion concerning Joseph's mental status.

The current record suggests that Joseph's mental condition began deteriorating after he was examined by Catt.  This is supported by Dr. Afaq's January, 2005 report.  Thus, the opinions of the two consultative examiners are not necessarily contradictory.  Arguably, they simply saw the plaintiff at different times and their findings reflected his condition at the time of their examinations.  The treating source's findings suggest deterioration after Catt's examination and this report is essentially consistent with that of Dr. Patel.  Under these circumstances, it cannot be fairly stated that Dr. Catt's opinion represents the claimant's condition for

06-492  Joseph

the entire time frame under consideration.  At most, Catt would suggest that the claimant's mental condition was not disabling in August of 2004.  Therefore, further consideration of Joseph's mental status is also required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration.  Therefore, the Court must grant the plaintiff's summary judgment motion and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 31st day of July, 2007.

**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**